UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00376-RJC-DSC

| SYNCHRONY FINANCIAL WELFARE BENFITS COMMITTEE, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| DEMAYO LAW OFFICES, LLP and KAPRIIESHAH PATTON, | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on Defendant DeMayo Law Offices, LLP's Motion to Dismiss (Doc. No. 11), the Magistrate Judge's Memorandum and Recommendation on Defendant's Motion to Dismiss ("M&R") (Doc. No. 17), and Defendant's Objections to the M&R (Doc. No. 18). For the reasons stated herein, the Court **ADOPTS** the M&R, and Defendant's Motion to Dismiss is **DENIED**.

**I.     BACKGROUND**

Accepting the factual allegations in the Complaint as true, Plaintiff is the named plan administrator and fiduciary for an employee welfare benefit plan covered by the Employee Retirement Income Security Act of 1974 ("ERISA") (the "Plan"). (Doc. No. 1 ¶¶ 4-5). On April 6, 2019, Defendant Patton, a participant or beneficiary of the Plan, was injured in a motor vehicle accident. (*Id.* ¶¶ 6, 17). As a result of the accident, the Plan paid $51,760.59 in medical expenses, "under the express condition contained in the Plan that Patton would reimburse the Plan for any benefits paid or disbursed by the Plan if she received a recovery from any third party." (*Id.* ¶¶ 16,

1

18-19).

Following the car accident, Patton retained Defendant DeMayo Law Offices, LLP ("DeMayo") to pursue tort claims related to the accident. (*Id.* ¶ 20). As a result, the Defendants entered into settlement agreements with third parties and received settlement funds related to the car accident. (*Id.* ¶¶ 23, 28). Patton informed Plaintiff that "DeMayo would be contacting the Plan to resolve the lien" on the settlement funds. (*Id.*). Sometime thereafter, the Plan received a check from DeMayo in the amount of $8,909.19, which was more than $44,000 less than the Plan's lien on the settlement funds. (*Id.* ¶ 25). Since then, the Plan made various unsuccessful attempts to obtain reimbursement for the remaining lien amount from both Defendants. (*Id.* ¶ 28).

On July 27, 2021, the Plan filed this action against both Defendants. (*Id.*). The Complaint brings a claim for equitable relief under ERISA § 502(a)(3), seeking a constructive trust or equitable lien, declaratory judgment, turnover of the proceeds plus interest, and attorneys' fees and costs. (*Id.*). Thereafter, DeMayo filed its Motion to Dismiss. (Doc. No. 11).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

The standard of review for a motion to dismiss under Rule 12(b)(6) for failure to state a claim is well known. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fannie Mae v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015)

(quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means allegations that allow the court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Additionally, when ruling on a motion to dismiss, a court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nonetheless, a court is not bound to accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Courts cannot weigh the facts or assess the evidence at this stage, but a complaint entirely devoid of any facts supporting a given claim cannot proceed." *Potomac Conference Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 767–68 (D. Md. 2014). Furthermore, the court "should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendants object to the Magistrate Judge's recommendation denying DeMayo's Motion to Dismiss because, under both Supreme Court precedent and North Carolina law, attorneys and law firms are subject to suit under ERISA § 502(a)(3). (Doc. No. 17).

ERISA governs employee benefit plans for the protection of interstate commerce and beneficiaries' rights. *See* 29 U.S.C. § 1001, *et seq.* Section 502(a)(3) provides a civil action may be brought,

> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). In *Harris Tr. & Savs. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 238 (2000), the Supreme Court considered whether § 502(a)(3) allows an action against a nonfiduciary party in interest to an improper transaction under ERISA. In holding it does, the Court concluded that liability under § 502(a)(3) "does not depend on whether ERISA's substantive provisions impose a specific duty on the party being sued" and interpreted § 502(a)(3) to have "no limit . . . on the universe of possible defendants" as long as the relief sought is equitable. *Id.* at 241-46. The Court reasoned that § 502(a)(3) "makes no mention at all of which parties may be proper defendants" whereas other provisions of ERISA "expressly address who may be a defendant," while at the same time, § 502(a)(3) "demonstrates Congress' care in delineating the universe of *plaintiffs* who may bring certain civil actions."[1] *Id.* at 246-47 (emphasis in original). In a subsequent decision, the Supreme Court held that relief is equitable when an ERISA fiduciary seeks reimbursement from a beneficiary's funds recovered from settlement proceeds. *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 368-69 (2006).[2]

---

[1] *Cf.* § 502(*l*), which contemplates civil penalties against fiduciaries and "other person[s]" in certain situations notwithstanding the absence of any ERISA provision imposing a duty upon an "other person." *Harris*, 530 U.S. at 248-49.

[2] The Supreme Court explained that to determine whether the relief is legal or equitable, it must be "sought to impose a constructive trust or equitable lien on 'particular funds or property in the defendant's possession.'" *Sereboff*, 547 U.S. at 362 (quoting *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002)).

4

DeMayo argues that the Supreme Court's holdings in *Harris* and *Sereboff* do not apply in this case because *Harris* addresses a violation of a different section of ERISA, and *Sereboff* does not relate to liability against an attorney. Instead, DeMayo relies on three cases from the Eastern District of North Carolina. *See Great-West Life & Annuity Ins. Co. v. Bullock*, 202 F. Supp. 2d 461 (E.D.N.C. 2002); *T.A. Loving Co. v. Denton*, 723 F. Supp. 2d 837 (E.D.N.C. 2010); *CSC Emp. Benefits Fiduciary Comm. v. Avera*, No. 5:15-CV-4-BO, 2015 WL 4041333 (E.D.N.C. July 1, 2015).

First, in *Bullock*, the district court dismissed an attorney and law firm from an action by an ERISA fiduciary seeking reimbursement of settlement proceeds. 202 F. Supp. 2d at 465-66. The court, finding ERISA silent on the issue, analyzed North Carolina contract law and ethical rules and concluded the attorney defendants could not be liable under § 502(a)(3) because there were no allegations the attorney signed or agreed to abide by the ERISA-regulated plan, that he was negligent, or that he acted in bad faith. *Id.* at 466. The courts in *Denton* and *Avera* reached the same conclusion largely relying on *Bullock*. *See Denton*, 723 F. Supp. 2d at 840-41.

These non-binding cases are not persuasive. *Bullock* ignores the Supreme Court's statutory interpretation of § 502(a)(3) in *Harris*. Even though the factual context in *Harris* involved a nonfiduciary party in interest, its interpretation of § 502(a)(3) was not limited to nonfiduciary parties in interest. Rather, in interpreting § 502(a)(3), the Supreme Court made clear that Congress knew how to, but did not, limit the "universe of possible defendants" when drafting § 502(a)(3). Section 502(a)(3) simply is not silent on whether DeMayo may be a defendant.

The result in *Bullock* runs counter to the reasoning of *Harris* and that of other lesser courts in this District and elsewhere. For instance, the court in *Barnhill Contracting Co. v. Oxendine*, 105 F. Supp. 3d 542, 549 (E.D.N.C. 2015) concluded "the overwhelming weight of Supreme Court

5

Case 3:21-cv-00376-RJC-DSC Document 19 Filed 07/08/22 Page 5 of 6

and other circuit court authority supports the availability of a claim for equitable relief against [the attorney and law firm defendants.]" *See also Mann+Hummell Filtration Tech. US LLC v. DeMayo L. Offs., LLP*, No. 3:21-CV-00374-GCM-DSC, 2022 WL 878883 (W.D.N.C. Mar. 24, 2022); *Duke Energy Benefits Comm. v. Heafner & DeMayo L. Offs., LLP*, No. 3:21-CV-355-GCM-DSC, 2022 WL 1056420 (W.D.N.C. Apr. 8, 2022); *Longaberger Co. v. Kolt*, 586 F.3d 459, 468 (6th Cir. 2009), *abrogated on other grounds by Montanile v. Bd. Trs. Nat'l Elevator Indus. Health Benefit Plan*, 577 U.S. 136 (2016); *Bombardier Aerospace Emp. Welfare Benefits Plan v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 352-53 (5th Cir. 2003) (citing *Harris* to authorize suits under ERISA against an attorney who held disputed settlement funds).

DeMayo is not entitled to dismissal. Under § 502(a)(3) and *Harris*, there is no limit on the defendants from which plaintiffs may seek appropriate equitable relief. DeMayo does not challenge whether Plaintiff seeks appropriate equitable relief.[3]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R (Doc. No. 17) is **ADOPTED**;
2. Defendant's Motion to Dismiss (Doc. No. 11) is **DENIED**.

Signed: July 8, 2022

Robert J. Conrad, Jr.
United States District Judge

---

[3] The Magistrate Judge also concluded that if *Harris* is not applicable, then federal courts should look to state law for guidance as long as it is consistent with ERISA. *Jenkins v. Montgomery Indus., Inc.*, 77 F.3d 740, 743 (4th Cir. 1996). DeMayo objects, arguing under North Carolina law it also should not be a defendant. As discussed herein, ERISA is not silent on whether DeMayo may be a defendant. Instead, § 502(a)(3) allows for suit against DeMayo as long as the plaintiff seeks appropriate equitable relief. Therefore, the Court need not analyze whether DeMayo is a proper defendant under North Carolina law.